**THOMPSON v. MURPHY et al.**

No. 11398.

Circuit Court of Appeals, Eighth Circuit.

May 18, 1939.

Rehearing Denied June 12, 1939.

Fred L. Williams, of St. Louis, Mo. (Earl F. Nelson, Fred L. English, and Roland F. O'Bryen, all of St. Louis, Mo., on the brief), for appellant.

Jacob M. Lashly, of St. Louis, Mo. (Lon O. Hocker, of St. Louis, Mo., and Boyd, Brooks & Wickham, W. H. Boyd, and W. D. Cole, all of Cleveland, Ohio, on the brief), for appellees John J. Murphy, J. J. Anzelone and John D. Fackler, as executors of Estate of Oris P. Van Sweringen, deceased.

Jacob M. Lashly, of St. Louis, Mo., for appellees Leonard P. Ayres, Alva Bradley, John Sherwin, Jr., and George A. Tomlinson.

Before SANBORN, THOMAS, and VAN VALKENBURG, Circuit Judges.

SANBORN, Circuit Judge.

This is a suit in equity brought by the appellant in the United States District Court for the Eastern District of Missouri, as a court of bankruptcy, in the Matter of Missouri Pacific Railroad Company, debtor, a proceeding for the reorganization of a railroad under Section 77 of the Bankruptcy Act, Act of March 3, 1933, c. 204, 47 Stat. 1474; Act of Aug. 27, 1935, c. 774, 49 Stat. 911; Act of June 26, 1936, c. 833, 49 Stat. 1969, Tit. 11, U.S.C. § 205, 11 U.S.C. A. § 205. The suit was brought as an ancillary and dependent suit. From an order setting aside the service of process upon the defendants and vacating the order authorizing such service, this appeal is taken.

Five of the defendants are former directors of the Missouri Pacific Railroad Company, and three of the defendants are the executors of the estate of a deceased former director. The bill of complaint charges that the defendants are indebted to the appellant by reason of breaches of trust committed by the deceased director and the other former directors who are defendants while they were in control of the affairs of the debtor, prior to the filing of the petition for reorganization. The prayer of the bill is as follows: "Wherefore, plaintiff prays that an accounting be taken of the aforesaid transactions and a determination made as to the exact losses sustained by the Missouri Pacific Railroad Company through the misconduct of decedent and the living defendants, that the defendants be ordered and decreed to pay plaintiff the amount so found, with appropriate interest and for all other relief to which in equity or law he is entitled."

The defendants are all residents and inhabitants of the State of Ohio. All were served with process in that State. None of them consented to the jurisdiction of the court of bankruptcy. They appeared specially and moved to set aside the service of process and to vacate the order authorizing service. Their motions were granted.

The contention of the appellant that the court of bankruptcy had jurisdiction of the subject matter of this plenary suit in equity and of the persons of the defendants is based upon the same arguments which were made in the companion cases of Thompson, Trustee, v. Terminal Shares, Inc. et al., 8 Cir., 104 F.2d 1, which were argued and submitted to this Court at the same time. Our opinion, filed this day, in those cases rules this case.

The orders appealed from are affirmed.